UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RSR SALES, INC., d/b/a Echo Valley
Quality Home & Garden Products, a
Michigan corporation,,

        Plaintiff,                Case No. 12-10719
                                    HON. GERSHWIN A. DRAIN

vs.



LOWE'S COMPANIES, INC., a North
Carolina corporation, L.G. SOURCING,
INC., a North Carolina corporation, and
LOWE'S HOME CENTERS, INC., a
North Carolina corporation,

        Defendants.

_____/

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S STATE LAW
CLAIMS [#39] AND CANCELLING MAY 8, 2013 HEARING

I.      INTRODUCTION

      Presently before the court is Defendants' Motion to Dismiss Plaintiff's State Law

Claims.  Upon review of the Complaint and Motion for Summary Judgment the Court

concludes that oral argument will not aid in the resolution of this matter.  Accordingly, the

Court will resolve the pending Motion on the briefs and cancels the hearing scheduled for

May 8, 2013.  *See* E.D. Mich. L.R. 7.1(f)(2).  For the reasons that follow, Defendants'

Motion is GRANTED.

-1-

## II.   PROCEDURAL AND FACTUAL HISTORY

Plaintiff has designed and imported home and garden products under the trade name EchoValley for about 25 years.  Plaintiff contacted Defendant, Lowe's Companies, Inc., a well known home improvement retailer, about selling the "gazing globe" for years without success.  Plaintiff is the owner of United States Copyright Registration Nos.  Txul-252-249 and VA1-656-194, which protects Plaintiff's ownership rights in its gazing globes featuring a decorative swirl pattern.  Plaintiff claims it advised Defendants in November of 2007 that they may have purchased glow-in-the-dark products from others that may be subject to Plaintiff's intellectual property rights.  Beginning in 2012 Defendant started selling a "garden treasures" gazing ball, which closely resembles Plaintiff's gazing globe.  On February 16, 2012, Plaintiff filed a Complaint against Defendants raising six claims, all of which arise out of the purported copying of Plaintiff's gazing globe.

Defendants filed a Motion to Dismiss Plaintiff's State Law Claims on March 15, 2013. One of the arguments raised is that Plaintiff's state law claims are preempted by the U.S. Copyright Act, 17 U.S.C. § 101, 301.  The relevant state law claims include a claim under the Michigan Consumer Protection Act, an unfair competition claim, and an unjust enrichment claim.  Plaintiff filed a Response to Defendant's Motion to Dismiss on April 19, 2013, arguing the state law claims are not preempted because Plaintiff's trade dress allegations are distinct from copyright.

## III.   LAW AND ANALYSIS

### 1. Standard of Review

Federal Rule of Civil Procedure 12(b)(6) allows the court to make an assessment as

to whether the plaintiff has stated a claim upon which relief may be granted. *See* Fed. R. Civ. P. 12(b)(6). "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Even though the complaint need not contain "detailed" factual allegations, its "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true." *Ass'n of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007) (quoting *Bell Atlantic*, 550 U.S. at 555).

The court must construe the complaint in favor of the plaintiff, accept the allegations of the complaint as true, and determine whether plaintiff's factual allegations present plausible claims. To survive a Rule 12(b)(6) motion to dismiss, plaintiff's pleading for relief must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (citations and quotations omitted). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 668 (2009). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'show[n]'– 'that the pleader is entitled to relief.'" *Id.*

-3-

### 2. State Law Claims

"A state common law or statutory claim is preempted if: (1) the work is within the scope of the 'subject matter of copyright,' as specified in 17 U.S.C. §§ 102, 103; and, (2) the rights granted under state law are equivalent to any exclusive rights within the scope of federal copyright as set out in 17 U.S.C. § 106." *Murray Hill Publ'ns, Inc. v. ABC Commc'ns, Inc.,* 264 F.3d 622, 636 (6th Cir. 2001) (quotation marks and citation omitted). The Sixth Circuit has held that, "the scope of the Copyright Act's subject matter is broader than the scope of the Act's protections." *Wrench LLC v. Taco Bell Corp.,* 256 F.3d 446, 455 (6th Cir. 2001). A claim is not equivalent, "if an extra element is required instead of or in addition to the acts of reproduction . . . in order to constitute a state-created cause of action . . . provided that the extra element changes the nature of the action so that it is qualitatively different from a copyright infringement claim." *Id.*

The work upon which Plaintiff's state law claims are based is clearly within the subject matter of copyright. Plaintiff argues that trade dress is distinctive from copyright protection, and there are different scopes of protection since trade dress aims at protecting against customer confusion. This argument misses the point. What matters is whether the actual work is within the scope of copyright protection. "Copyright protection subsists, in accordance with this title, in original works of authorship fixed in any tangible medium of expression . . . ." 17 U.S.C. § 102(a). The basis of Plaintiff's claim is reproduction of its gazing globe, a tangible medium that includes "pictorial, graphic, and sculptural works." 17 U.S.C. § 101. Since the gazing globe is copyrightable, the first prong of the preemption test is met. The only remaining question is whether an extra element is required to prove Plaintiff's state law claims.

-4-

No extra element is required to prove Plaintiff's claim under the Michigan Consumer Protection Act. The basis of this claim is that Defendants are causing confusion over the source of the gazing balls and "representing that the goods have sponsorship, approval, characteristics, ingredients, uses, benefits, or qualities that they do not have." Compl. ¶¶ 40-42. While Plaintiff avoids using the word "copy" that is exactly what is alleged. The confusion and misrepresentation arises from the copying of Plaintiff's gazing globe, which is the essence of Plaintiff's copyright claim. "To the extent that plaintiff alleges copying, this claim is also preempted by the Copyright Act." *Tenneco Auto. Operating Co. Inc. v. Kingdom Auto Parts*, 08-CV-10467, 2009 WL 1438834 (E.D. Mich. May 18, 2009) aff'd, 410 F. App'x 841 (6th Cir. 2010).

The basis of Plaintiff's unfair competition claim is that Defendants "wrongfully used the distinctive trade dress" associated with Plaintiff's gazing globe and Defendants unfairly competed by "selling and distributing a product that has led and will lead to confusion as to its origin . . . ." Compl. ¶¶ 46-48. This Court has held that an unfair competition claim "grounded solely in the copying of a plaintiff's protected expression would be preempted by the Copyright Act." *Artie Fields Prods., Inc. v. Channel 7 of Detroit, Inc.*, 94-CV-70730-DT, 1994 WL 559331 (E.D. Mich. June 10, 1994). Plaintiff argues the unfair competition claim is distinctive since it emphasizes trade dress and the confusion resulting from the wrongful use of its trade dress. These allegations do not alter the fact that, "[n]o additional element is required to satisfy the state common law claim of unfair competition." *Decker Inc. v. G & N Equip. Co.*, 438 F. Supp. 2d 734, 745 (E.D. Mich. 2006). Since Plaintiff's unfair competition claim is qualitatively similar, it is preempted by federal copyright law.

-5-

Finally, Plaintiff's unjust enrichment claim is also preempted by federal copyright law. This Court has previously held that an unjust enrichment claim is preempted by a copyright claim unless the claim is based on an implied in fact contract. *Nat'l Bus. Dev. Servs., Inc. v. Am. Credit Educ. & Consulting, Inc.*, CIV. 07-14841, 2008 WL 186367 (E.D. Mich. Jan. 18, 2008). That is because only an implied in fact contract requires alleging the extra element of a promise to pay. *Id.* Since Plaintiff does not allege Defendants made any promise to pay, there is no extra element to prove. As such, their unjust enrichment claim is preempted.

## IV.    CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss Plaintiff's State Law Claims [#39] is GRANTED.

Plaintiff's state law claims (Counts IV-VI) are hereby dismissed with prejudice. *See Fharmacy Records v. Simmons*, No. 05-72126, 2006 WL 1566669, *3 (E.D. Mich. Jan. 20, 2006). Still pending before this Court are Counts I-III.

SO ORDERED.


Dated:  May 2, 2013

S/Gershwin A. Drain
GERSHWIN A. DRAIN
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
May 2, 2013, by electronic and/or ordinary mail.

<u>S/Tanya Bankston</u>
Deputy Clerk